scheme. Absent a close connection between the two, the district court was without authority to order restitution of the loan proceeds.

### Conclusion

Riley's first claim of error, that in determining his base offense level under the sentencing guidelines, the district court should have considered the amount of actual loss rather than the amount of intended loss, or should have applied an economic reality test instead of making a simple mathematical calculation, is without merit. With respect to his second claim of error, we agree with Riley that the district court improperly ordered him to make restitution for the car loan. The loss that the bank suffered as a consequence of the loan was not directly related to the criminal scheme with which Riley was charged and convicted, and the district court therefore lacked the statutory authority to order restitution of the loan proceeds.

Accordingly, we affirm the sentence imposed, but vacate the order of restitution and remand so that the district court may assess the proper amount of restitution in light of this opinion.

**AFFIRMED in part; VACATED and REMANDED in part.**

Cherie CHARAS, Plaintiff–Appellant,

v.

TRANS WORLD AIRLINES, INC.,
a Missouri corporation,
Defendant–Appellee.

Mildred JACOBY, Plaintiff–Appellant,

v.

TRANS WORLD AIRLINES, INC.,
Defendant–Appellee.

Bernice GULLEY, Plaintiff–Appellant,

v.

AMERICAN AIRLINES; AMR Corporation; American Eagle Airlines,
Defendants–Appellees.

Elizabeth NEWMAN, Plaintiff–Appellant,

v.

AMERICAN AIRLINES, Inc.,
Defendant–Appellee.

Robert A. BEVERAGE, Plaintiff–Appellant,

v.

CONTINENTAL AIRLINES, Inc.,
Defendant–Appellee.

Nos. 96–15490, 96–15543, 96–15791,
97–55115 and 97–15158.

United States Court of Appeals,
Ninth Circuit.

May 13, 1998.

Before HUG, Chief Judge.

### ORDER

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that these cases be reheard by the en banc court pursuant to Circuit Rule 35-3.

Jeffrey D. STECKMAN, and all
others similarly situated,
Plaintiff–Appellant,

v.

HART BREWING, INC.; George Hancock; John Stoddard; Don Burdick; John E. Morse; Peter T. Morse; John T. Bryce; Marcia L. Ellis; Janet Morse; Paine Webber, Inc.; Dean Witter Reynolds, Inc., Defendants–Appellees.

No. 97–55199.

United States Court of Appeals,
Ninth Circuit.

Argued April 7, 1998.

Decided May 14, 1998.